IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVIN D. FARMER,

**Plaintiff,**

v.

ILLINOIS POWER COMPANY,
CENTRAL ILLINOIS PUBLIC
SERVICE COMPANY and
AMEREN CORPORATION,

**Defendant.**                                                              No. 09-725-DRH

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

On September 15, 2009 Plaintiff Marvin D. Farmer filed a one Count Complaint against Defendants Illinois Power Company, Central Illinois Public Service Company, and Ameren Corporation pursuant to the **Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*.** (Doc. 2). Plaintiff alleges that Defendants have violated Plaintiff's rights under the Equal Credit Opportunity Act by refusing to allow Plaintiff to contract for electric utility service without having Felicia Farmer, his estranged wife, on the account and by refusing to permit Felicia Farmer to contract without Plaintiff's name on the account. Specifically, Plaintiff alleges that he and Felicia Farmer were married but that he has been separated from her since December 1, 2006 (*Id*. at ¶ 10). Approximately two years before Plaintiff filed his Complaint, Felicia Farmer moved to Caseyville, Illinois and sought to transfer her electric service

to her new address and applied for credit in her name only (*Id*. at ¶¶ 11-13).  On approximately June 6, 2009, Plaintiff alleges that Defendants put his name on Felicia Farmer's account without his consent (*Id*.).  Further, in February 2008, Plaintiff himself applied for credit with Defendants in his own name, but that Defendants later added Felicia Farmer's name to his account without consent (*Id*. at ¶ 14).  While Defendants did remove Plaintiff's name from Felicia Farmer's account, Plaintiff alleges that Defendants refused to remove Felicia Farmer's name from his account until they were divorced (*Id*. at ¶ 21 & 23).  Plaintiff maintains that Defendant's policy of putting spouses names on accounts amounts to a refusal to extend credit to each spouse in violation of the Equal Credit Opportunity Act.

Subsequently, Defendants filed a motion to dismiss (Doc. 17).  Specifically, Defendants argue that Plaintiff lacks standing as to claims involving Mrs. Farmer's account and that he has failed to state a cause of action for claims involving his own account.  Plaintiff has filed a response to Defendants' motion (Doc. 19).  Based on the following, the Court **GRANTS** Defendants' motion to dismiss (Doc. 17) and **DISMISSES with prejudice** Plaintiff's Complaint.

## II.  Discussion

### A.  Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL**

**RULE OF CIVIL PROCEDURE 8.** Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. The Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id*. at 555-56 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ***Ashcroft v. Iqbal*, --- U.S.---, --- 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557)**.

Recently, in ***Iqbal***, the Supreme Court made clear that the federal pleading standard under **Rule 8** as discussed in its ***Twombly*** opinion applies "for all civil actions." ***Id*. at ---, 129 S. Ct. at 1953**. *Iqbal* identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." ***Id*. at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56)**. In short, a court should only assume

to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. *Id.* at ---, 129 S. Ct. at 1950.

**B.     Analysis**

   **1.     Standing as to Claims Regarding Felicia Farmer's Utility Account**

Defendants argue that Plaintiff Marvin D. Farmer lacks standing on his allegations regarding his name allegedly being placed on his wife, Felicia Farmer's account. Plaintiff has responded that the addition of his name on the account constituted a termination of the original contract, instead amounting to a modified contract which required both spouses. Plaintiff also contends that the allegation is an illustration of the policies of Defendants which are complained of in Plaintiff's Complaint.

However, the Court agrees that Plaintiff lacks standing on his claims regarding Felicia Farmer's account. Plaintiff lacks standing because he was not the applicant on that account. The EOCA prohibits discrimination against "applicants" of credit.[1] The Act defines an applicant as: "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." **15 U.S.C. § 1691a(b)**. While the federal regulations

---

[1] Specifically, the EOCA prohibits discrimination: "(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided that applicant has the capacity to contract." **15 U.S.C. § 1691(a)(1)**.

("Regulation B") broaden the definition of "applicant" to include "any person who is or may become contractually liable regarding an extension of credit," the Seventh Circuit has questioned whether the definition can be construed that broadly. ***See Moran Foods, Inc. v. Mid-Atlantic Market Development Company, LLC., 476 F.3d 436, 441 (7th Cir. 2007) (questioning whether the statute could be interpreted to include a guarantor as an applicant)***.  In any event, Plaintiff here is clearly not an applicant as he was not the individual who applied for credit with the electric company, rather in the case of his spouse's account, it was Felicia Farmer who applied for the account.  While the Defendants later placed Plaintiff's name on Felicia Farmer's account, Plaintiff did not apply for Felicia Farmer's account.[2]  Therefore, he is not an applicant within the definition of the statute and lacks standing to bring a claim with regards to Felicia Farmer's account.

### 2. Claims under 15 U.S.C. § 1691 and Regulation B

Defendants further claim that Plaintiff's claims in regards to his own account also fail as he has failed to state a claim under the EOCA and Regulation B.  Specifically, Defendants maintain that Plaintiff has failed to state a claim as he has failed to allege that Defendants discriminated against Plaintiff in any way or that they required either spouse to sign any document related to the other spouses' account as prohibited by the statute.

---

[2] Plaintiff tries to argue that a new account was created by the Defendant's addition of Plaintiff's name to Felicia Farmer's account and that the act of adding his name to her account amounted to a requirement that they apply together for electrical services.  However, Plaintiff has failed to point to any case law or facts supporting that claim.

The **Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("EOCA")**, prohibits discrimination "on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." **15 U.S.C. § 1691(a)(1)**. Plaintiff's Complaint alleges that Defendants have violated the statute by discriminating against him on the basis of marital status as he alleges that the Defendants do not allow a spouse to obtain accounts individually and without the other spouse. As to discrimination on the basis of marital status, "it is apparent that what the Act was intended to do was to forbid a creditor to deny credit to a woman on the basis of a belief that she would not be a good credit risk." ***See Moran Foods, Inc. v. Mid-Atlantic Market Development Company, LLC*, 476 F.3d 436, 441 (7th Cir. 2007) (citing *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982) ("The purpose of the ECOA is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit."))**.

Regulation B to the ECOA prohibits discrimination on the basis of marriage by prohibiting creditors from refusing to grant individual accounts to creditworthy applicants solely on the basis of marital status. ***See* 12 C.F.R. § 202.7.** Further, Regulation B prohibits creditors from requiring an applicant's spouse's signature on the credit form if the applicant is creditworthy in his or her own right. ***See* 12 C.F.R. § 202.7(d)(1)**. Regulation B also prohibits a creditor from requiring that the spouse be an additional party, although a spouse may serve as an additional

party and the creditor may request an additional party as a cosigner or guarantor if the applicant's creditworthiness dictates the necessity of an additional party. **Id. at 202.8(d)(5)**. Further, the ECOA prohibits a creditor from combining spouse's separate accounts for purposes of determining finance charges or loan ceilings. **See 15 U.S.C. § 1691d(d)**.

Here, as Defendants accurately point out, Plaintiff has failed to allege any violation of the EOCA. Plaintiff does not allege that either Plaintiff or his spouse's signature was required for each other's accounts, nor does he allege that either were required to serve as a co-signor or guarantor of each other's account. Further, Plaintiff was not denied an individual account, as he readily admits that both he and Mrs. Farmer were granted individual accounts. All that Plaintiff alleges is that at some point after he was granted an account, Mrs. Farmer's name was added to his account without his consent and that Defendants have refused to remove her name from her account[3]. He points to no act of discrimination on Defendants' part in granting Plaintiff an individual account. Further, there is no allegation that either his name or Mrs. Farmers name was required to open their separate accounts. Plaintiff tries to argue that the addition of Mrs. Farmer's name to his individual account amounted to a termination of his own account and a creation of a new account in both of their names, which Plaintiff argues that the action demonstrates Defendants' refusal to grant credit to a spouse in their

---

[3] Plaintiff also alleges that his name was added to Mrs. Farmer's account although Defendants agreed to remove his name from that account.

individual capacity.  However, Plaintiff has pointed to no case law supporting that proposition.  Nor does he adequately support his proposition that the later addition of a spouse's name to the account is a violation of the statute and its regulations.[4]  As Plaintiff has failed to allege a violation of the EOCA or Regulation B, dismissal of his claims is clearly warranted.

### III.  Conclusion

Accordingly, Defendants' motion to dismiss (Doc. 17) is **GRANTED** and Plaintiff's Complaint is **DISMISSED with prejudice**.  The Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 14th day of April, 2010.

/s/     David R Herndon
**Chief Judge**
**United States District Court**

---

[4] In Plaintiff's response to Defendants' motion to dismiss (Doc. 19), Plaintiff acknowledges that Regulation B prohibits the requirement of a spouse's signature on a loan agreement unless the applicant doesn't meet the creditor's credit standards on his/her own.  However, Plaintiff goes on to argue that the addition of the spouses name, without requiring their signature, is more offensive than requiring a spouse's signature and thus clearly a violation of the ECOA.  However, Plaintiff fails to point to any case law supporting this position.